## PENNSYLVANIA RY CO v TICE

Ohio Appeals, 2nd Dist, Darke Co

No 457.   Decided June 6, 1934

Baird Broomhall, Troy, for plaintiff in error.

Jessie K. Brumbaugh, Greenville, and Martin D. Pleuss, Greenville, for defendant in error.

**OPINION**

**By BARNES, J.**

The law is well defined that a person about to cross a railway track is bound to look and listen for approaching trains and to do so at a time and place where such looking and listening will be effective. This pronouncement was made by the Ohio Supreme Court in the case of **Detroit & Ironton R. R. Co. v Rohrers, 114 Oh St, 493,** decided in 1926. In the following year, 1927, the United States Supreme Court in the case of Baltimore & Ohio R. R. Co. v Goodman, Admr., 275 U. S., 66, Judge Holmes rendering the opinion prescribes a rule of conduct as to persons crossing the railroad tracks, requiring greater precautions. This case was first received by bench and bar as somewhat of a shock, but afterwards was followed by many courts n Ohio.

The Supreme Court of Ohio has not yet prescribed as a rule of conduct the obligation of a driver of a vehicle, if he can not otherwise ascertain whether or not a train is in close proximity, to get out of his vehicle and make investigation.

It might be said in passing, that the Supreme Court of the United States in a very recent opinion entitled Pokora v Wabash R. R. Co., found in advance sheets of opinions under date of April 13, 1934, has pronouncedly modified the earlier decision by Judge Holmes, supra. Other Ohio cases directly bearing upon the question are the following:

**Penn. R. R. v Rusynik, 117 Oh St, 530.**

**Penn. R. R. Co. v Moses, 125 Oh St, 621.**

**Toledo Terminal R. R. Co. v Hughes, 115 Oh St, 562.**

**The Columbus, Delaware & Marion Electric Co. v O'Day, Admr., 123 Oh St, 638.**

In the cited cases the announcement of the court is unqualifiedly made that one intending to cross a railroad track can not wholly rely upon flash lights or gates, where same are installed, but must exercise a sense of sight and hearing. Neither will the failure to give warning by whistle or bell allow a recovery, if it be shown that in the exercise of his faculties of sight and hearing, he could, in the exercise of ordinary care have seen the approaching train and avoided the accident.

It can not be said, under the Ohio rule, that a claimant can never recover in a grade crossing case. The fact that a flasher light when installed shows no indication of an approaching train; further the knowledge that trains when approaching crossings are required and usually do, give warning by whistle and bell may properly be taken into consideration in connection with other testimony in determining whether or not the driver of the vehicle was in the exercise of ordinary care in attempting to cross the track. In the instant case there being a verdict for the plaintiff, the reviewing court is required to construe the evidence most favorably to the plaintiff. There is credible evidence and the jury may have found that the standing freight cars on the storage track were so close to the street crossing as to obstruct the view down the track, until the automobile in which plain-

tiff was riding had crossed this storage track. If no bell was ringing nor whistle sounded it would be a question for the jury to determine whether or not, in the light of all these conditions, plaintiff was in the exercise of ordinary care in attempting to cross. See Pokora v Wabash Railway Co., U. S. Supreme Court (Law. Ed.) Advance Opinions, Vol. 78—11—Page 200. A flasher light installed at a crossing has a purpose and if not flashing would be evidence that a train was not approaching. While the evidence disclosed that the flasher light was not supposed to operate except when train was on the main track, yet in the absence of positive evidence that plaintiff knew this, we think he would be warranted, just as any other individual would be, in supposing that the purpose was to warn whenever trains were approaching on any track. For fear of being misunderstood, we want to reiterate that neither the failure of the flash light to operate nor the failure to give warning by whistle or bell would absolve the plaintiff from his obligation to look and listen. Of course, if no warning was given by sound, listening would not avail. If the view was obstructed, we think under Ohio law it is a mixed question of law and fact as to whether or not the plaintiff acted with ordinary prudence in attempting to cross. The jury having found for the plaintiff, we do not think, under the state of the record, that this court should interfere. Finding no error, the judgment of the lower court will be affirmed at costs of plaintiff in error. Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, concurs.